11-1630-ag
Chen v. Holder

BIA
Weisel, IJ
A088 782 874

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of February, two thousand twelve.

PRESENT:
>
> DENNIS JACOBS,
> *Chief Judge,*
> PETER W. HALL,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

XIAOFENG CHEN,
>       *Petitioner,*

v.                                          11-1630-ag
                                            NAC

ERIC H. HOLDER JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:         John Z. Zhang, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Melissa K. Lott, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xiaofeng Chen, a native and citizen of the People's Republic of China, seeks review of a April 21, 2011, order of the BIA, affirming the April 8, 2009, decision of Immigration Judge ("IJ") Robert Weisel, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiaofeng Chen*, No. A088 782 874 (B.I.A. Apr. 21, 2011), *aff'g* No. A088 782 874 (Immig. Ct. N.Y. City Apr. 8, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA adopted and affirmed the IJ's decision, we review the two decisions in tandem. *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). The "substantial evidence" standard of review applies, *Islam v. Gonzales*, 469 F.3d 53, 55 (2d Cir. 2006), and we uphold the IJ's factual findings if the are supported by "reasonable, substantial and probative evidence in the record." *Lin Zhong v. US Dep't of Justice*, 480 F.3d 104, 116 (2d Cir. 2007) (internal quotation marks omitted). *See also* 8 U.S.C. § 1252(b)(4)(B).

2

For asylum applications governed by the REAL ID Act, such as this one, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Analyzed under the REAL ID Act, substantial evidence supports the agency's adverse credibility determination.

In finding Chen not credible, the agency reasonably relied on inconsistencies between Chen's testimony and that of her witness with regard to the date on which Chen joined the China Democratic Party ("CDP") in the United States, whether Chen authored an article that was published on the CDP's website in July 2007, the frequency of visits from Chinese officials to Chen's family's home in China, and the stated purpose of a March 2009 political demonstration in which Chen participated on behalf of the CDP. Although Chen argues that these inconsistencies were too minor to support an adverse credibility determination, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances'

3

establishes that an asylum applicant is not credible." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008)(emphasis in original).

Furthermore, Chen's argument that the IJ erred in failing to solicit an explanation for the inconsistencies between her testimony and that of her witness is without merit. While it is true that an IJ may not rest an adverse credibility finding on a non-dramatic discrepancy without first putting a petitioner on notice and offering an opportunity to explain it, *see Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir. 2006), the agency need not give such notice and opportunity where, as here, it relied on dramatic discrepancies that went to the very heart of Chen's claim for asylum. *Id*. Indeed, as the agency reasonably found, the discrepancies between Chen's testimony and that of her witness were not minor and did, in fact, relate to the heart of her claim that she feared persecution if returned to China on account of her CDP activities in the United States, as they directly pertained to the date on which she became a member of the CDP, and the extent of her involvement in political activities that evinced her opposition to the Chinese regime. Accordingly, the IJ was not required to

4

specifically request an explanation for these inconsistencies: where the "inconsistency is 'dramatic' or obvious on its face . . . the petitioner can be assumed to be aware-without being told-of the need to explain it." *Ming Shi Xue*, 439 F.3d at 122 n.13.

We therefore conclude that the IJ's adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165-66. This determination is dispositive of both Chen's claims for asylum and withholding of removal, as both claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk